**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   LENNIS J. DEROUEN and                                                    CHAPTER 11
         PATRICIA C. DEROUEN                                                      NO. 16-52209 KMS

## THE PLAN OF REORGANIZATION

**A.     Overview of the Plan**

An overview of the Plan is set forth below.  This overview is qualified by reference to the Plan.

Dr. Derouen earns income from Long Term Disability.  Mrs. Derouen earns income from employment.  This Income and any settlement income from (lawsuit) will be used to make payments to creditors as follows: The Debtor's first and second mortgages will be paid per their respective mortgage notes.  Non-mortgage Secured creditors will be paid their allowed claims at a monthly rate over a period of 36 months beginning two months after confirmation.  Unsecured Claims will be paid a pro rata amount of their claim based on a total distribution to unsecured creditors of $45,000.00 in addition to any proceeds from the settlement/litigation of the lawsuit against Michael Edlestien and Amy Tennyson.  Payments to General Unsecured Creditors will begin 13 months from the effective date and will increase upon payment of all priority and secured claims.  General Unsecured Creditors will be paid more than they would recover in a Chapter 7 liquidation.

**B.     Classification and Treatment of Claims**

Section 1123 of the Bankruptcy Code requires that a plan of reorganization classify the claims of a debtor's creditors.  The Plan divides claims into classes and sets forth the treatment afforded to each class.  Under the Plan, each claim is either unimpaired or the holder of the claim or equity interest is to receive payment(s), depending on the nature of the claim.  A claim is unimpaired under the Plan if the Plan (a) leaves unaltered the legal, equitable and contractual rights of the holder of the claim, (b) provides for cash payment of the full amount of the claim on the Effective Date of the Plan or (c) not withstanding any contractual provision or law that entitles the holder of the claim to demand or receive accelerated payment after the occurrence of a default, cures the default, reinstates the maturity of the claim as it existed before the default, and compensates the holder of the claim for any damages incurred as a result of any reasonable reliance by the holder on any provision or law that entitles the holder of the claim to demand accelerated payment.  The claims and interests that are or may be impaired under the Plan and therefore are or may be entitled to vote to accept or reject the Plan are claims and interests in Classes 2, 5, 6, 7, and 8.

For the holder of a claim to participate in the Plan and receive the treatment afforded to the applicable class, the holder's claim must be "allowed".  A claim or interest will be allowed if it is filed or deemed filed, unless a timely objection to allowance of the claim is made.  Generally, for a claim to be filed, a proof of claim must be timely filed or behalf of the holder of

the claim with the Bankruptcy Court. A claim will also be deemed to be filed if (a) it is listed on the Schedule of Assets and Liabilities filed with the Bankruptcy Court, as amended (the "Schedules"), unless it is listed as disputed, contingent or unliquidated. If an objection to a claim is made, the Bankruptcy Court must make a determination with respect to allowance of that claim. Only holders of allowed claims are entitled to participate in and receive distributions in accordance with the Plan.

The following is a summary of the classes of creditors of the Debtors under the Plan and the provisions made in the Plan for each class.

1.  **Class 1: Allowed Administrative Expense Claims**

a.  Description of Claims in Class 1: Class 1 consists of all Allowed Administrative Expense Claims. These Claims include all costs and expenses of the administration of the Chapter 11 case, including wages, salaries and other post-petition operating expenses, allowances of compensation and reimbursement of expenses for professionals employed by the Debtors-in-Possession such as attorneys and accountants, and all fees and charges assessed by the Office of the United States Trustee. Post-petition operating expenses will be paid on a current basis as will quarterly fees payable to the Office of the United States Trustee. The Debtors are unable to anticipate at this point in time, the exact amount of attorneys' fees and expenses which will be incurred. As of the date of filing of the Disclosure Statement, the Debtors' bankruptcy counsel, Sheehan Law Firm, PLLC, has incurred fees and expenses, and the Debtors will be required to make payments to Sheehan Law Firm, PLLC as fees and expenses are approved by the Bankruptcy Court. The Allowed Administrative Expense Claim is estimated to be approximately $8,000.00 at confirmation.

b.  Full Payment: On the Effective Date, each Allowed Administrative Expense Claim shall be paid in full in cash or from any retainers on hand, or upon such other terms as may be agreed by and between the holder of such Claims and the Debtors. All sums required to be paid pursuant to 28 U.S.C. § 1930(a)(6) to the United States Trustee and the Clerk of this Court will be paid on or before the Effective Date. The Reorganized Debtors will timely pay to the United States Trustee, all post-confirmation quarterly fees as required by 28 U.S.C. § 1930(a)(6) until such time as this Chapter 11 case is converted, dismissed or closed by the Court. The Reorganized Debtors will also submit to the United States Trustee, post-confirmation monthly operating reports in the format prescribed by the United States Trustee until such time as this Chapter 11 case is converted, dismissed or closed by the Court.

c.  Impairment: Administrative Expense Claims are not impaired under the Plan.

2.  **Class 2 – Allowed Priority Tax Claim Internal Revenue Service**.

a.  Description of Claims in Class 2. Class 2 consists of the Allowed Priority Tax Claims of the Internal Revenue Service ("IRS") (Claim No. 12) in the amount of $4,988.98.

b.  Treatment. Except to the extent that a holder of any Allowed Priority Tax Claim agrees to a different treatment more favorable to the Debtors, each holder of an Allowed Priority Tax Claim will receive on account of the Claim the allowed amount of the Claim of the applicable

creditor calculated as of the Petition Date. Payments to the IRS will be made in monthly installments so as to be completed and paid in full within three (3) from the Petition Date. Together with interest at the rate of four (4%) percent per annum accruing from the Effective Date of the Plan on the priority portion of the claim only. The Debtors shall have the authority to pay this Claim in full at any date after the effective date to the extent that it does not impair the ability of the Debtors to pay other claims.

c.      The Allowed Priority Tax Claim of the IRS is impaired under the Plan.

3. **Class 3 - Allowed Secured Claim of Regions Mortgage**

a.      Description of Claim in Class 3. Class 3 consists of the Allowed Secured Claim of Regions Mortgage (Claim No. 7) in the total amount of $210,192.75, secured by a deed of trust on the real property at 4015 Brandon James Dr. Biloxi, MS 39532-8771.

b.      Treatment. Except to the extent that the holder of the Allowed Secured Claim or Regions Mortgage agrees to a different treatment more favorable to the Debtors, Regions Mortgage will receive on account of the Claim the allowed amount of the Claim of the applicable creditor calculated as of the Petition Date. The Debtors shall continue to make monthly payments per the term of the mortgage note and the deed of trust securing the Debtors homestead. The Debtors shall have the authority to pay this Claim in full at any date after the effective date to the extent that it does not impair the ability of the Debtors to pay other claims.

c.      Impairment. The Allowed portion of the Secured Claim of Regions Mortgage is not impaired under the Plan.

5. **Class 4 – Allowed Secured Claim of Regions Mortgage**

a.      Description of Claim in Class 4. Class 4 consists of the second mortgage Secured Claim of Regions Mortgage (Claim No. 13) in the amount of $114,652.40, secured by a deed of trust on the real property at 4015 Brandon James Dr. Biloxi, MS 39532-8771.

b.      Treatment. Except to the extent that the holder of the Allowed Secured Claim or Regions Mortgage agrees to a different treatment more favorable to the Debtors, Regions Mortgage will receive on account of the Claim the allowed amount of the Claim of the applicable creditor calculated as of the Petition Date. The Debtors shall continue to make monthly payments per the term of the mortgage note and the deed of trust securing the Debtors homestead. The Debtors shall have the authority to pay this Claim in full at any date after the effective date to the extent that it does not impair the ability of the Debtors to pay other claims.

c.      Impairment. The Allowed portion of the Secured Claim of Regions Mortgage is not impaired under the Plan.

6. **Class 5 – Allowed Secured Claims of BancorpSouth**

a.      Description of Claim in Class 5. Class 5 consists of the Allowed Secured Claims of BancorpSouth Bank (Claim No. 8 and Claim No. 19) in the total amount of $28,000.00 (less the amount paid to BancorpSouth as Adequate Protection), secured by title to the Debtors' 2010 Porsche Panamera.

b.      Treatment. Upon Confirmation of the Plan, adequate protection payments will cease and the remaining Allowed Secured Claim of BancorpSouth Bank will be paid together at five percent (5%) interest per annum in monthly installments of approximately $779.00 amortized over a period of three (3) years commencing in the second month after the Effective Date, in full satisfaction of said claim.   The $779.00 per month payment assumes $2,000.00 in adequate protection payments made by confirmation.  This figure will be adjusted based on the remaining balance after adequate protection payments are credited. The Debtors shall have the authority to pay this Claim in full at any date after the effective date to the extent that it does not impair the ability of the Debtors to pay other claims.

c.      Impairment. The Allowed Secured Claims of BancorpSouth Bank are impaired under the Plan.

7.      **Class 6 – Allowed Secured Claim of Sheffield Finance**

a.      Description of Claim in Class 6.  Class 6 consists of the Allowed Secured Claim of Sheffield Finance (Claim No. 5) in the amount of $3,500.00, secured by a perfected lien on the Debtors' Kawasaki Teryx side-by-side.

b.      Treatment.  Upon Confirmation of the Plan, the Allowed Secured Claim of Sheffield Finance will be paid at five percent (5%) interest per annum in monthly installments of approximately $105, amortized over a period of three (3) years commencing in the second month after the Effective Date in full satisfaction of the debt.  The Debtors shall have the authority to pay this Claim in full at any date after the effective date to the extent that it does not impair the ability of the Debtors to pay other claims.

c.      Impairment.  The Allowed Secured Claim of Sheffield Finance is impaired under the Plan.

8.      **Class 7 - Allowed Secured Claim of U.S. Bank**

a.      Description of Claims in Class 7. Class 7 consists of the Allowed Secured Claim of U.S. Bank, N.A. (Claim No. 6) in the amount of $5,530.34, secured by a perfected lien on the Debtors'2012 Infinity QX56.

b.      Treatment.  Upon Confirmation of the Plan, the Allowed Secured Claim of U.S. Bank, N.A. will be paid at five percent (5%) interest per annum in monthly installments of approximately $166.00, amortized over a period of three (3) years commencing in the second month after the Effective Date in full satisfaction of the debt.  The Debtors shall have the authority to pay this Claim in full at any date after the effective date to the extent that it does not impair the ability of the Debtors to pay other claims.

c.      Impairment.  The Allowed Secured Claim of Sheffield Finance is impaired under the Plan.

9.     **Class 8 - Allowed General Unsecured Claims**

a.     Description of Claims in Class 8.  Class 8 consists of all claims filed as unsecured claims, all claims scheduled as unsecured on Debtor's Schedule E/F and not designated, disputed, contingent, and/or unliquidated, as may be amended, and any portions of the secured claims listed above which may not be fully secured.

b.     Treatment.  In full satisfaction of all Allowed General Unsecured Claims, each holder of an Allowed General Unsecured Claim will be paid its pro-rata share of the sum of $45,000.00. which will be paid in three (3) annual installments of $4,500.00 followed by two (2) annual installments $15,750.00 beginning on the first (1st) day of the month which is thirteen (13) months after the Effective Date of the Plan and continuing on each anniversary of the first such payment until paid in full.  The Unsecured Creditors shall also receive payments from the settlement/litigation of the Debtors' Breach of Contract Claim against Michael Edlestien and Amy Tennyson.  If such claim is to be settled, the Debtors will request Court approval prior to settlement, notifying all Interested Parties and the proposed distribution of funds. The Debtors shall have the authority to pay this Claim in full at any date after the effective date to the extent that it does not impair the ability of the Debtors to pay other claims.

c.     Impairment.   The allowed General Unsecured Claims are impaired under the Plan.

d.     Objections. The Debtors reserve their right to object to any General Unsecured Claim and/or to amend any Scheduled Claim.

**C.     Other Provisions of the Plan**

1.     **Results of the Plan**

Revesting of Assets:  The property and assets of the Debtors' Bankruptcy Estate shall revest in the Reorganized Debtors on the Effective Date free and clear of all Claims, but subject to the obligations of the Reorganized Debtors and the Secured Claims against property of the Reoranized Debtors as provided for in this Plan.  The Reorganized Debtors may conduct and change its business, without any supervision by the Bankruptcy Court or the Office of the United States Trustee and free of any restriction imposed on the Debtors by the Bankruptcy Code or by the Bankruptcy Court during the Chapter 11 Case.  From and after the Effective Date, the Reorganized Debtors may use, operate, sell, dispose of, and deal with its assets and property without any such supervision and free of any such restrictions, but subject to the obligations of the Reorganized Debtors and the Secured Claims against property of the Reorganized Debtors as provided for in this Plan.

2.     **Executory Contracts and Unexpired Leases**

The Debtors have no executory contracts or unexpired leases which must be assumed or rejected.

3. **Effect of Rejection by One or More Classes of Claims**

   a. Impaired Classes to Vote: Each impaired class of claims and interests will be entitled to vote separately to accept or reject the Plan. Only holders of allowed Claims are entitled to vote.

   b. Acceptance by Class of Creditors: Pursuant to Section 1126(c) of the Bankruptcy Code, a class will have accepted the Plan if the Plan is accepted by at least two-thirds in the amount and more than one-half in number of the Allowed Claims or interests of the class voting on the Plan.

   c. Cramdown: If any impaired class fails to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Debtors reserve the right to request the Bankruptcy Court to confirm the Plan in accordance with provisions of Section 1129(b) of the Bankruptcy Code.

4. **Provisions for Resolution and Treatment of Preferences, Fraudulent Conveyances, and Disputed Claims**

   a. Preferences and Fraudulent Conveyances: Under the Plan, pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtors will retain, with exclusive right to enforce in their sole discretion, any and all causes of action of the Debtors, including all causes of action which Debtors own under Section 541 or that may exist under Sections 510, 544 through 550 and 553 of the Bankruptcy Code or under similar state laws. In the event that the Debtors institute an Adversary Proceeding against any Creditor for equitable subordination of all or a part of the Creditor's Claim, distributions made after entry of a Final Judgment in such Adversary Proceeding shall be made consistent with such Final Judgment.

   b. Objections to Claims: The Debtors will have the sole authority to object and contest the allowance of any Proofs of Claim filed with the Bankruptcy Court within the later of 30 days after the Effective Date or within thirty (30) days after the deadline for filing each claim.

   c. Disputed Claims Reserve: Until all Disputed Claims are resolved by a Final Order of the Court, the distribution reserved for the holders of Unsecured Claims will be deposited by the Debtors in an account to be held in trust by counsel for the Debtors for the benefit of the holders of Unsecured Claims pursuant to the Plan (the "Unsecured Claims Reserve"). The Unsecured Claims Reserve will be held in trust by counsel for the Debtors for the benefit of the holders of Allowed Claims and the holders of Disputed Claims pending a determination of the Disputed Claims under the terms of the Plan.

   d. Cost and Expenses: The Reorganized Debtors will be responsible for the cost and expenses incurred in connection with the maintenance of the Unsecured Claims Reserve and the making of distributions from the Unsecured Claims Reserve after the Effective Date.

5.  **Discharge**

Legally Binding Effect:  Discharge of Claims and Interests:  The Provisions of the Plan will bind all Creditors and the equity interest holders, whether or not they accept the Plan.  Upon payment of the Claims as set forth hereinabove together with any additional funds from additional disposable income received during the tenure of the Plan, the Debtors shall receive a discharge under the conditions set forth in Section 1141(d)(5) of the Bankruptcy Code.

6.  **Retention of Jurisdiction**

    a.  Jurisdiction: Until this Chapter 11 case is closed, the Bankruptcy Court will retain such jurisdiction as is legally permissible, including that necessary to insure that the purpose and intent of the Plan are carried out and to hear and determine all Claims that could have been brought before the entry of the Confirmation Order.  The Bankruptcy Court will retain jurisdiction to hear and determine all claims against the Debtors and to enforce all causes of action that may exist on behalf of the Debtors.  Nothing contained in the Plan will prevent the Reorganized Debtors from taking such action as may be necessary in the enforcement of any cause of action that may exist on behalf of the Debtors and that may not have been enforced or prosecuted by the Debtors.

    b.  Examination of Claims: After the Confirmation Date, the Bankruptcy Court will further retain jurisdiction to decide disputes concerning the classification and allowance of the claim and the re-examination of claims that have been allowed for the purposes of voting, and to determine such objections as may be filed to creditor's claims.  The failure by the Debtors to object to, or to examine, any claims for the purposes of voting, will not be deemed a waiver of the right of the Debtors or the Reorganized Debtors to object to, or to re-examine, the claim, in whole or in part.

    c.  Determination of Disputes: The Bankruptcy Court also will retain jurisdiction after the Confirmation Date to determine all questions and disputes regarding title to the assets of the Debtors' Estate, disputes concerning the allowance of claims, and all causes of action, controversies, disputes, or conflicts, whether or not subject to any pending action, as of the Confirmation Date.

    d.  Additional Purposes: The Bankruptcy Court will retain jurisdiction for the following additional purposes after the Effective Date:

        (i)   to modify the Plan after confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code;

        (ii)  to assure the performance by the Reorganized Debtors of their obligations to make distributions under the Plan;

        (iii) to enforce and interpret the terms and conditions of the Plan;

    (iv)    to adjudicate matters arising in the bankruptcy case, including matter relating to the formulation and consummation of the Plan;

    (v)    to enter such orders, including injunctions, as are necessary to enforce the title, rights and powers of the Reorganized Debtors and to impose such limitations, restrictions, terms and conditions on title, rights and powers as the Bankruptcy Court may deem necessary;

    (vi)    to enter an order terminating this Chapter 11 case;

    (vii)    to correct any defect, cure any omission or reconcile any inconsistency in the Plan or the order of confirmation as may be necessary to carry out the purposes and intent of the Plan;

    (viii)    to allow applications for fees and expenses pursuant to Section 503(b) of the Bankruptcy Code; and

    (ix)    to decide issues concerning federal tax reporting and withholding that arise in connection with the confirmation or consummation of the Plan.

7. **Default under Plan**.

   a. Asserting Default:  If the Reorganized Debtors materially default under a provision of the Plan, any creditor or party in interest desiring to assert the default shall provide the Debtors with written notice of the alleged default, specifying the alleged default, and specifying the reason(s) for its materiality.

   b. Curing Default:  The Debtors will have 30 days from receipt of the written notice in which to cure an alleged default. The notice will be delivered by United States certified mail, postage prepaid, return receipt requested, addressed to counsel for the Reorganized Debtors, Sheehan Law Firm, PLLC, 429 Porter Avenue, Ocean Springs, MS 39564. If the default is not cured, any creditor or party in interest may file with the Bankruptcy Court and serve on counsel for the Reorganized Debtors a motion to compel compliance with applicable provision of the Plan. The Bankruptcy Court, on finding a material default, will issue such orders as are appropriate compelling compliance with the pertinent provisions of the Plan.

8. **Miscellaneous Provisions**.

   a. Compliance with Tax Requirements: In connection with the Plan, the Debtors will comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities, and distributions under the Plan will be subject to those withholding and reporting authorities.

b. Amendment of the Plan: The Plan may be amended by the Debtor before or after the Confirmation Date as provided in Section 1127 of the Bankruptcy Code.

c. Revocation of the Plan: The Debtors reserve the right to revoke and withdraw the Plan at any time before the Confirmation Date.

d. Effect of Withdrawal or Revocation: If the Debtors revoke or withdraw the Plan before the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then the Plan will be deemed null and void. In that event, nothing contained in the Plan will be deemed to constitute a waiver or release of any claims by or against the Debtors or any other person, or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors.

e. Due Authorization by Creditors: Each creditor who elects to participate in the distributions provided for in the Plan warrants that the creditor is authorized to accept in consideration of the claim against the Debtors the distributions provided for in the Plan and that there are no outstanding commitments, agreements or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by the creditor under the Plan.

f. Filing of Additional Documentation: On or before the Effective Date, the Debtors will file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effect and further evidence the terms and conditions of the Plan.

g. Implementation: The Debtors are authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan.

h. Ratification: The Confirmation Order will ratify all transactions effected by the Debtors during the pendency of the Chapter 11 case.

i. Early Payoff: At any point during the plan when funds become available to pay all Impaired Creditors the amounts due under the terms of the plan (minus unaccrued interest), the Debtors may do so and doing so will not affect the discharge set forth in paragraph C. 5. of this Plan.

          Respectfully submitted,
          LENNIS DEROUEN and PATRICIA DEROUEN

By: /s/Michael T. Ramsey

Michael T. Ramsey
Sheehan Law Firm, PLLC
429 Porter Avenue
Ocean Springs, MS 39564
(228) 875-0572 / fax (228) 875-0895
Mississippi Bar No. 104978
Mike@sheehanlawfirm.com